FILED
2021 Dec-15  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ROLANDO PEREZ SANIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:20-cv-01013-LSC** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

The plaintiff, Rolando Perez Sanic ("Sanic" or "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB"). Sanic timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Sanic allegedly became disabled at 40 years old, and on June 30, 2019 at 43 years old he lost his insured status. (*See* Tr. at 252.)  He previously worked as a label

1

machine operator. (Tr. at 27, 258.) Plaintiff claims that he became disabled on August 27, 2016, as a result of limitations imposed by back pain, neck pain, a tear in his left shoulder, bulging discs, high blood pressure, migraines, fibromyalgia, irritable bowel syndrome ("IBS"), fatty liver, arthritis, chronic fatigue syndrome, and dizziness. (Tr. 257).

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id*. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding

2

of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent his from performing his past relevant work, the evaluator will make a finding of not disabled. *Id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC,

age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id*.; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") found that Plaintiff has not engaged in SGA since August 27, 2016, the alleged date of the onset of his disability. (Tr. 23.) According to the ALJ, Plaintiff's degenerative disk disease, hypertension, cervical post laminectomy syndrome, and arthropathy are "severe impairments." (Tr. 24.) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.) The ALJ determined that Plaintiff has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift and/or carry and frequently lift and/or carry 10 pounds; the claimant could sit for 6 hours in an 8-hour workday and stand and/or walk for 6 hours and [sic] 8-hour workday; the claimant should never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; the claimant should avoid all exposure to hazardous machinery and unprotected heights; the claimant should avoid concentrated exposure to extreme cold; the claimant would be able to maintain attention and concentration for 2-hour periods at a time.

(Tr. 24- 25.)

According to the ALJ, Plaintiff is unable to perform any of his past relevant work. (Tr. 27.) The ALJ also determined that Plaintiff is a "younger individual age 18-49" at 40 years old and is unable to communicate in English, which is considered as illiterate in English. (*Id*.) The ALJ determined that the "[t]ransferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled." (Tr. 28.) Considering the claimant's age, education, work experience, residual functional capacity, and the testimony of the vocational expert ("VE"), the ALJ found that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 28.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 27, 2016, through the date of this decision." (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520. 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d

622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

## III.   Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded because the ALJ's decision was not supported by substantial evidence. (Doc. 9 at 11-16.) In support of this argument, plaintiff alleges that the ALJ failed to properly consider the Plaintiff's subjective statements in assessing his RFC and that the ALJ erred by failing to fully develop the record when analyzing the evidence of his migraine headaches. (*Id.*) The Court will consider these arguments in turn.

### A. The ALJ Properly Considered Plaintiff's Subjective Statements in Assessing His RFC.

To be found disabled, Plaintiff had to demonstrate that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment expected to result in death or to last twelve or more continuous months. *See* 42 U.S.C. § 1382a(3)(A); 20 C.F.R. § 404.1505. At step two, the ALJ had to determine whether Plaintiff had a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe"

7

within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.5121, 416.921; Social Security Ruling(s) ("SSR"s) 88-28, 96-3p, and 96-4p. The burden of showing that an impairment or combination of impairments is "severe" rested at all times with Sanic, as the plaintiff. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff bore the burden of proving he had a severe impairment, he thus had the burden of establishing the prerequisite for finding a severe impairment, i.e., the existence of a medically determinable impairment. *See Doughty*, 245 F.3d at 1278.

"In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step [two] of the sequential evaluation process." SSR 96-4p. The record must include evidence from acceptable medical sources to establish the existence of a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 404.1508 (an "impairment must result from

8

anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [individuals'] statement[s] of symptoms"); *see also* 20 C.F.R. § 404.1528 (defining symptoms, signs, and laboratory findings). "[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone." SSR 96-4p.

Here, Plaintiff alleges limitations based on back pain, neck pain, a tear in his left shoulder, bulging discs, high blood pressure, migraines, fibromyalgia, irritable bowel syndrome, fatty liver, arthritis, chronic fatigue syndrome, and dizziness. (Tr. at 257.) The ALJ concluded that Plaintiff had several severe impairments: "degenerative disk disease, hypertension, cervical post laminectomy syndrome and arthropathy," which the ALJ determined "could reasonably be expected to cause the alleged symptoms." (Tr. 24-25.) However, the ALJ found that none of these impairments or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ furthered determined that Plaintiff does not have medically determinable impairments of fibromyalgia or anxiety disorder. (*Id.*) The ALJ did not specifically indicate whether Plaintiff's migraine headaches or any of his other alleged

impairments are "severe" and amount to medically determinable impairments. (*Id.*)

Plaintiff argues that the ALJ erred by failing to properly consider Plaintiff's subjective statements when assessing his RFC. (Doc. 9 at 14-16.) The Commissioner disagrees and asserts that substantial evidence supports the ALJ's determination. (Doc. 15 at 10-13.) The Court agrees with the Commissioner.

Plaintiff cites *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987), for the principle that the ALJ must articulate reasons when she does not credit the plaintiff's subjective testimony of pain or other symptoms. (Doc. 9 at 14.) The ALJ, however, explained that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in determining Plaintiff's RFC. (Tr. 25.)  She also explained that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

Plaintiff highlights the ALJ's failure to discuss Plaintiff's migraine headaches as an example of the ALJ's failure to articulate her reasoning for not crediting Plaintiff's subjective testimony. (Doc. 9 at 14.) The only references to Plaintiff's migraines within the relevant time period, however, are notes of reported symptoms. (Tr. 514-25, 528-31, 533-35, 588-97.) Plaintiff's own subjective complaints that he

Case 4:20-cv-01013-LSC   Document 16   Filed 12/15/21   Page 11 of 16

suffered from migraines once or twice each week and experienced blurred vision as

a result provide the only evidence of the severity of his migraines. (*Id.*)

Plaintiff's own testimony, however, diminishes the severity of his migraine

headaches. When asked about his diagnoses at the hearing conducted by the ALJ,

Plaintiff included the migraine headaches in his list. (Tr. at 43.) When the ALJ

questioned him further, Plaintiff explained that he experienced migraines between

one and three times per week, and they can last between one hour and four days,

depending on how quickly he takes medicine. (Tr. 56.) The ALJ inquired about the

medication that Plaintiff uses to treat his migraines, and Plaintiff stated that he could

only take ibuprofen because the medication his doctor prescribed made him dizzy.

(Tr. 57.) Plaintiff then admitted that the ibuprofen effectively treats his migraines.

(*Id.*)

> Q … Does the ibuprofen take away your migraine?
>
> A Yes, it does take it away. [1]

(*Id.*) The ALJ inquired into the severity of the migraines, and the evidence indicated

that Plaintiff was able to effectively manage his symptoms. This Court's review of

the record confirms that the ALJ properly considered Plaintiff's subjective

---

[1] The Court notes that Plaintiff is unable to communicate in English, and Mr. Nelson Rodriguez
served as the interpreter at the ALJ hearing. (Tr. 36.)

11

statements, and for that very reason, determined that his migraines were not a medically determinable impairment.

## B. Substantial Evidence Supports the ALJ's Determination.

In discussing her determination of Plaintiff's RFC, the ALJ noted first that much of the evidence Plaintiff presented related to a period prior to the alleged onset date, which another ALJ had adjudicated in 2016. (Tr. 25.) The ALJ did consider new evidence that did relate to the relevant period and found that the new evidence supported determination of Plaintiff's RFC. (Tr. 26.) She acknowledged two prior injuries that Plaintiff suffered: one to his neck in 2011, for which he underwent an anterior cervical discectomy, and one to his back in 2013. (Tr. 26, 404, 427.) Even though Dr. Michael Kendrick treated Plaintiff for lower back pain and cervical post-laminectomy syndrome, magnetic resonance imaging ("MRI") showed "no recurrent disc herniation or significant stenosis and no other significant abnormality involving the cervical spine." (Tr. 26, 507-08, 514-17, 525.) The ALJ also highlighted notes from five separate office visits over more than eight months in which Plaintiff reported that his medication and TENS unit was working to manage his pain. (Tr. 26, 514-35.)

To be sure, Plaintiff provided evidence of his pain and limitations related to his impairments. Dr. Kendrick noted that Plaintiff "still [has] a lot of pain" and

"can't do some activity that he is used to doing due to the pain." (Tr. 515.) Furthermore, Plaintiff's reports show "paraspinal tenderness" in the lumbar spine and midback areas, as well as neck muscle tenderness. (Tr. 590, 593.) While the ALJ noted that Plaintiff's blood pressure remained consistently elevated in spite of medication, she observed that Plaintiff appeared to be asymptomatic with normal cardiovascular examinations. (Tr. 26, 589, 593.)

The ALJ also considered Dr. Kendrick's statement in response to Plaintiff's inquiries about disability that Plaintiff "would not meet criteria" based on his neck problems because the MRI showed "stable post op without acute problems." (Tr. 26, 516.) Dr. Gloria Sellman, a State agency medical consultant, completed an assessment of Plaintiff's RFC and concluded that Plaintiff's only severe impairment was degenerative disc disease, his hypertension was not severe, and Plaintiff could perform a range of light work that was less restrictive than the ALJ's final determination. (Tr. 26-27, 118-24.) These opinions support the ALJ's determination and provide substantial evidence for her conclusion.

### C. The ALJ Fulfilled Her Duty to Develop the Record.

Plaintiff also briefly asserts that the ALJ failed in her responsibility to fully and fairly develop the record. It is true that the ALJ has a duty "to develop the facts fully and fairly and to probe conscientiously for all of the relevant information." *Ware v.*

*Schwieker*, 651 F.2d 408, 414 (5th Cir. 1981). However, in all social security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments, and "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty*, 245 F.3d. at 1280; 42 U.S.C. § 423(d)(5)(A). An ALJ has many options, but no affirmative requirements, for settling an inconsistency or insufficiency in a claimant's medical record. *See* 20 C.F.R. § 404.1520b.  She has the option to contact the treating physician, ask the claimant for additional records, request a consultative examination, or ask the claimant and/or others for more information. *Id.* The ALJ may exercise all or none of these potential remedies. *Id.* She is not required to take any of those steps if she determines that weighing the available evidence will be sufficient. *Id.* Therefore, where the ALJ's findings are supported by evidence sufficient for a decision, the ALJ is not obligated to seek additional medical testimony. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Furthermore, before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th

14

Cir.1982) (quoting *Ware*, 651 F.2d at 413). "[A]lthough the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before [a reviewing court] will remand for further development of the record." *Robinson v. Astrue*, 365 Fed. App'x 993, 995 (11th Cir. 2010) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)).

Even though she was not required to take any specific action to develop the record, the ALJ asked Plaintiff about his migraines and his ability to manage them with medication at his hearing. (Tr. 57.) His testimony that ibuprofen took away his migraines provided her with sufficient evidence to reach her conclusion that Plaintiff's migraines were not a medically determinable impairment. (*Id.*)

### D. Any Alleged Error by the ALJ Was Harmless.

Finally, even if the ALJ erred in determining that Plaintiff's migraine headaches were not a severe impairment, the error was harmless. In *Vangile v. Comm'r, Soc. Sec. Admin.*, the Eleventh Circuit explained that "any step two error the ALJ may have committed by failing to explicitly mention Vangile's chronic mastoiditis was harmless because she found two other severe impairments and proceeded to step three in any event." 695 F. App'x 510, 514 (11th Cir. 2017). Here, the ALJ determined that Plaintiff had four severe impairments and proceeded to step three. (Tr. 24.) Any alleged error by the ALJ in excluding Plaintiff's migraine

headaches as a medically determinable impairment did not affect the outcome of Plaintiff's claim, and Plaintiff's argument fails for this reason as well.

## IV.   Conclusion

Upon review of the administrative record, and considering Plaintiff's argument, this Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON DECEMBER 15, 2021.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

206728